# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RAUF BAJARIA, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-311 |
| | § | Judge Mazzant |
| WAL-MART STORES TEXAS, LLC, | § | |
| WALMART, INC. D/B/A WAL-MART | § | |
| SUPERCENTER #2883, WAL-MART | § | |
| REAL ESATE BUSINESS TRUST, | § | |
| AND WALMART STORES, INC., | § | |
| AND WALMART, | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment & Brief in Support Thereof (Dkt. #19) and Plaintiff's Combined Motion and Memorandum of Law in Support of Their Motion Pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. #37). Having considered the Motions and the relevant pleadings, the Court finds that Defendant's Motion should be **DENIED** and Plaintiff's Motion should be **DENIED as moot**.

## BACKGROUND

On November 13, 2024, Defendant filed its Motion for Summary Judgment (Dkt. #19). On December 4, 2024, Plaintiff filed his Response (Dkt. #34). On December 5, 2024, Plaintiff then filed a Motion under FED. R. CIV. P. 56(d) petitioning the Court to deny or defer Defendant's summary judgment motion pending discovery on its factual assertions (Dkt. #37 at p. 1). On December 11, 2024, Defendant filed its Reply (Dkt. #39). The Motions are now ripe for adjudication.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); Celotex, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. Celotex, 477 U.S. at 325; Byers v. Dall. Morning News, Inc., 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts

indicating there is a genuine issue for trial." Byers, 209 F.3d at 424 (citing Anderson, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After careful review of the record and the arguments, the Court finds that Defendant's Motion should be denied. Defendant has not shown that no material issue of fact exists that would entitle Defendant to judgment as a matter of law. Consequently, the Court need not consider Plaintiff's motion seeking denial or deferral of summary judgment pending further discovery.

## CONCLUSION

It is therefore **ORDERED** that Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment & Brief in Support Thereof (Dkt. #19) is hereby **DENIED.**

It is further **ORDERED** that Plaintiff's Combined Motion and Memorandum of Law in Support of Their Motion Pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. #37) is hereby **DENIED as moot.**

**IT IS SO ORDERED.**

**SIGNED this 7th day of March, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE