# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RAUF BAJARIA, § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:24-cv-311 |
| § | Judge Mazzant |
| WAL-MART STORES TEXAS, LLC, § | |
| WALMART, INC. D/B/A WAL-MART § | |
| SUPERCENTER #2883, WAL-MART § | |
| REAL ESTATE BUSINESS TRUST, § | |
| AND WALMART STORES, INC., § | |
| AND WALMART, § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Corrected Plaintiff's Motion to Compel Discovery (Dkt. #25). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This is a slip and fall case. On November 18, 2024, Plaintiff filed its Corrected Motion to Compel Discovery (Dkt. #25). Through it, Plaintiff sought "complete responses" to discovery requests related to Plaintiff's *res ipsa loquitur*, negligence, premises liability, negligent training and supervision, and gross negligence claims (Dkt. #25 at p. 2; Dkt. 6 at pp. 3–6). On January 3, 2025, Defendant filed its Response, arguing that Plaintiff's requests were objectionable as unduly broad, burdensome, and vague (*See* Dkt. #40 at p. 9). On January 10, 2025, Plaintiff filed its Reply (Dkt. #41). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #11 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus unpermitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

Plaintiff asks this Court to compel discovery from Defendants that are responsive to Requests for Production 8–9, 27–29, 32–34, and 40–42, and Interrogatories 11–12, 14, and 18 (Dkt. #25 at p. 5). Defendants object to these requests as baseless and unreasonable because they are allegedly overbroad, burdensome, and disproportional to the needs of the case (*See* Dkt. #40 at pp. 5–7). After careful review, the Court concludes the following as to each discovery request:

### A. Plaintiff's First and Second Requests for Production

1. **Request for Production No. 8:** "All maintenance records concerning the location used by Defendant on the date of the accident for the one (1) year before the incident."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this request for production. This request is relevant to at least Plaintiff's premises liability claim alleging, in part, that "Defendants failed to maintain the shelving system/display, in a condition as a business exercising ordinary prudent [sic] under the same or similar circumstances would have" (Dkt. #6 at p. 4). To prove premises liability, Plaintiff must show, among other things, that "the owner or occupier had actual or constructive knowledge of a condition on the premises" and that "the owner or occupier did not exercise reasonable care or eliminate the risk." *Henkley v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (per curiam) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). Maintenance records are relevant to Plaintiff's claim, in the Court's view, because they tend to show whether Defendants knew or had constructive knowledge of a potential shelving unit defect and whether they exercised reasonable care by regularly maintaining shelving systems before the incident. *See* FED. R. EVID. 401. These records are also neither privileged nor disproportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). The information Plaintiff seeks is therefore discoverable, and Defendants' objections do not meet their burden to justify

withholding the documents (Dkt. #25-2 at p. 15). Consequently, the Court orders Defendants to produce documents responsive to this request.

    2.    **Request for Production No. 9:** "Any correspondence, including e-mails, etc [sic] exchange between Defendant, or representative of Defendant with Plaintiff."

The Court finds that Plaintiff's Motion should be **DENIED** as to this request for production. Plaintiff's request for "any" correspondence is overly broad, burdensome, and disproportional to the needs of the case, and it seeks privileged information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Therefore, the Court sustains Defendants' objections to this request (Dkt. #25-2 at p. 15).

    3.    **Request for Production No. 27:** "All documents related to prior lawsuits involving slips and falls at the Walmart located at 8801 Ohio Dr, Plano, TX 75024 over the past five years."

The Court finds that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part** as to this request for production. Again, this request is relevant to at least Plaintiff's premises liability claim alleging, in part, that "Defendants breached their duty by allowing an unsafe condition to exist that, through the existence of ordinary care, was known or should have been known" (Dkt. #6 at p. 5). Documents from prior lawsuits are relevant to Plaintiff's premises liability claim because they tend to show a necessary element—whether Defendants had actual or constructive knowledge of the risk of injury posed by their shelving units. *Henkley*, 441 S.W.3d at 251–52; FED. R. EVID. 401. Such documents, however, may include privileged and irrelevant information when a discovery request's scope is as broad as that of this request. *See* FED. R. CIV. P. 26(b)(1). To strike a balance between the Plaintiff's right to obtain relevant, discoverable information and the Defendants' right to withhold privileged documents, the Court orders

5

Defendants to produce all publicly available court documents related to prior lawsuits involving slips and falls at the Walmart located at 8801 Ohio Dr., Plano, TX 75024, over the past five years.

    4.    **Request for Production No. 28:** "All documents related to prior lawsuits involving falls involving the shelving systems similar to the produce shelving system at all Walmart stores in North America over the past five years."

The Court finds that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part** as to this request for production. The Court's reasoning with respect to Request for Production No. 27 is applicable here. *See, supra*, at 5 (discussing the knowledge requirement). Unique to this request, however, is Plaintiff's call for documents related to "similar" shelving systems as the type used in Defendants' subject store. The Court agrees with Defendants that such a request is "overly broad, vague, ambiguous, . . . and fails to identify documents requested with reasonable particularity" (Dkt. #25-4 at p. 13). In the same vein, discovery seeking documents from Walmart stores nationwide is unduly burdensome and disproportionate to the needs of the case. Thus, the Court orders Defendants to produce all publicly available court documents involving falls involving the shelving system identical to that used by Walmart stores in Texas over the past five years.

    5.    **Request for Production No. 29:** "All documents related to internal communication in which the safety of the shelving systems in the produce section have been discussed by Defendants' employees, agents, managers, shareholders, contractors, and directors."

The Court finds that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part** as to this request for production. As with Request for Production No. 27, the information Plaintiff seeks is relevant to at least its premises liability claim. *See, supra*, at 5 (discussing the knowledge requirement). Specifically, these documents tend to show whether Defendants had actual or constructive knowledge of the risk of the shelving unit posed to Walmart's patrons. But

again, Plaintiff's request is overly broad, as it seeks documents related to Walmart employees far removed from the locus of events giving rise to this suit. It is also vague in that it does not specify a relevant date range or the geographical region of the stores targeted by this request. Thus, the Court orders Defendants to produce all non-privileged documents related to internal communication in which the safety of the shelving system of the subject store found at 8801 Ohio Dr, Plano, TX 75024 has been discussed by Defendants' employees, agents, managers, and contractors in the past three years.

    6.  **Request for Production No. 32:** "All documents related to prior slips and falls at the Walmart located at 8801 Ohio Dr, Plano, TX 75024 over the past five years."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this request for production. The Court's reasoning with respect to Request for Production No. 27 is applicable here. *See, supra*, at 5 (discussing the knowledge requirement). That is, documents relating to prior slips and falls tend to show whether Defendants had actual or constructive knowledge of the risk posed to patrons by the shelving unit. Thus, the Court orders Defendants to produce all such documents that are responsive to this discovery request as written.

    7.  **Request for Production No. 33:** "All Defendants' documents related to internal memoranda, emails, and policies for falls due to or near the produce shelving system similar to the system that was involved in the Incident."

The Court finds that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part** as to this request for production. The Court's reasoning with respect to Request for Production No. 27 is applicable here. *See, supra*, at 5 (discussing the knowledge requirement). As with other requests, Plaintiff's request seeking documents related to incidents "near" to "similar" shelving systems is overly broad, burdensome, and vague. Accordingly, the Court orders

Defendants to produce all documents related to internal memoranda, emails, and policies for falls due to the produce shelving system that was involved in the incident in this case.

8. **Request for Production No. 34:** "All Defendants' documents related to investigations or research conducted by Defendants related to the subject incident."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this request for production. Though inadmissible at trial, evidence of subsequent remedial measures may be relevant and proportional discovery, as is the case here. *See Young v. Braum's, Inc.*, No. 5:19-cv-161-RWS-CMC, 2021 WL 1413128, at *10 (E.D. Tex. Jan. 8, 2021) ("even though evidence of subsequent remedial measures may not be admissible to prove negligence at trial, such evidence is discoverable"). Thus, the Court orders that Defendants produce responsive documents.

9. **Request for Production No. 40:** "All documents that show how many employees were employed at the subject Walmart during the shift in which the subject incident took place."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this request for production. The number of employees working during the shift in question is relevant to Plaintiff's premises liability claim because it speaks to Defendants' duty of care, notice of the potential shelving unit hazard, and response time after the incident. Thus, the Court orders that Defendants produce documents responsive to this request.

10. **Request for Production No. 41:** "All documents related to the acquisition and installation of the shelving system involved in the Incident."

The Court finds that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part** as to this request for production. The Court's analysis regarding Plaintiff's Request for Production No. 8 is applicable here. *See, supra*, at 4 (discussing the reasonable care requirement). Documents related to the shelving system's installation tend to show whether Defendants

8

exercised reasonable care to prevent the incident in this case by installing shelving units properly. By contrast, documents related to the shelving system's acquisition are irrelevant to the question of whether Defendants exercised reasonable care in detecting and remedying a potential physical defect in an operational shelving system. Thus, the Court orders that Defendants produce documents related to the installation of the shelving system involved in the incident.

      11.    **Request for Production No. 42:** "All documents related to the safety hazards and risks associated with the shelving system involved in the Incident."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this request for production. The Court's reasoning with respect to Request for Production No. 27 is applicable here. *See, supra*, at 5 (discussing the knowledge requirement). Documents related to the safety hazards and risks associated with the shelving system involved in the incident speak to Defendants' actual or constructive knowledge of the risks posed by the shelving system. Thus, the court orders Defendants to produce responsive documents.

    B.    **Plaintiff's Second Request for Interrogatories**

      1.    **Interrogatory No. 11:** "Identify how many slips and falls have occurred at the Walmart located at 8801 Ohio Dr, Plano, TX 75024 over the past five years."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this interrogatory. The number of slips and falls is relevant to Plaintiff's negligence claims, as it tends to show whether Defendants had actual or constructive knowledge that the subject store's shelving system posed a risk to patrons. Thus, the Court orders Defendants to produce responsive documents.

    2.    **Interrogatory No. 12:** "Identify how many slips, falls, and injuries have occurred in the produce section near the shelving system at the subject Walmart over the past five years."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this interrogatory. The slips, falls, and injuries Plaintiff seeks to identify are relevant to Plaintiff's claims because they tend to show whether Defendant had actual or constructive knowledge of the risk posed to patrons by the shelving system. Thus, the Court orders Defendants to respond to Plaintiff's interrogatory as written.

    3.    **Interrogatory No. 14:** "Identify how many falls have occurred in the produce section due to the shelving system at Walmart's in North America over the past five years."

The Court finds that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part** as to this interrogatory. The information Plaintiff seeks is relevant for the same reason stated above with respect to Plaintiff's Interrogatory No. 12. But Plaintiff's request to identify falls occurring in Walmart locations nationwide is a bridge too far. Thus, the Court will limit the geographical scope of Plaintiff's request and order Defendants to identify how many falls have occurred in the produce section due to the shelving system at Walmart locations in Texas over the past five years.

    4.    **Interrogatory No. 18:** "Identify any internal investigations or reviews Defendants conducted related to Plaintiff's fall that took place on February 26, 2023."

The Court finds that Plaintiff's Motion should be **GRANTED** as to this interrogatory. As was the case with Plaintiff's Request for Production No. 34, evidence of subsequent remedial measures is discoverable when targeted by an interrogatory. *See Young*, 2021 WL 1413128 at *10; *supra*, at 8. Thus, the Court orders Defendants to respond to Plaintiff's interrogatory as written.

## CONCLUSION

It is therefore **ORDERED** that Corrected Plaintiff's Motion to Compel Discovery (Dkt. #25) is hereby **GRANTED in part** and **DENIED in part**. Defendants shall supplement discovery responses by April 3, 2025.

**IT IS SO ORDERED.**

SIGNED this 20th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE